UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re: | Case No. DG 05-11736 |
| XIQS, LLC f/k/a INTEGRATED QUALITY SOLUTIONS LLC | Chapter 7: Filed 8/23/05<br>Converted from Ch. 11:11/14/06 |
| Debtor. | Hon. Scott W. Dales |

**MOTION FOR ORDER
APPROVING SALE OF PROPERTY OF THE ESTATE**

The Chapter 7 Trustee, Jeff A. Moyer, by and through his counsel, Andrew J. Gerdes, PLC, states as his Motion to the Court the following:

1. On August 23, 2005, XIQS, LLC f/k/a Integrated Quality Solutions, LLC ("Debtor") filed a voluntary petition pursuant to Chapter 11 commencing this bankruptcy case. On November 14, 2006, the case was converted to one under Chapter 7 of the Bankruptcy Code.

2. Jeff A. Moyer is the duly appointed and acting Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case.

3. In connection with the referenced bankruptcy case, the debtor, as debtor-in-possession, filed the adversary proceeding styled *Integrated Quality Solutions, LLC v. Shurlow Sales, LLC, Robert J. Shurlow, II, and Charles F. Shurlow*, Adv. Proc. No. 06-80733 (the "Lawsuit"). Trustee was automatically substituted as the plaintiff in the Lawsuit.

4. In the Adversary Proceeding, Trustee obtained a final judgment against Shurlow Sales, LLC, Robert J. Shurlow, II, and Charles F. Shurlow in the amount of $315,0000 (the "Judgment") (DN 39 in the Lawsuit).

5. Trustee pursued collection of the Judgment without success.

**The Proposed Sale Agreement**

6. The individual defendants in the Lawsuit, Robert J. Shurlow, II and Charles F. Shurlow (collectively, the Purchaser"), and Trustee have entered into an agreement for Purchaser

to purchase all of Trustee's right, title and interest against the defendants arising from or under the Lawsuit and/or the Judgment (collectively, the "<u>Purchased Property</u>") for the price of $10,000.00 (the "<u>Sale Agreement</u>").  The purchase price is to be paid $5,000.00 by May 31, 2015 and the remaining $5,000.00 by June 30, 2015.  The full terms of the Sale Agreement are set forth in the Sale Agreement attached as Exhibit A.

7. Upon information and belief, the Purchaser is not related to the Debtor or affiliated with the Debtor in any business relationship.

8. The Sale Agreement is subject to higher and better offers.

### **Request for Relief**

9. The Trustee is seeking approval of the Sale Agreement.  The Purchased Property is being sold on an "as is" and "where is" basis with no warranties or representations except those expressly set forth in the Sale Agreement.

10. This sale is subject to the approval of the United States Bankruptcy Court for the Western District of Michigan

11. The Trustee believes that approval of the sale as outlined above is in the best interests of the estate and that it should be approved.  The Trustee's ability to realize on the Judgment is uncertain.  Sale of the Judgment will result in the certainty of a recovery and eliminate further attorney's fees in pursuing the defendants and will move the Trustee closer to closing this case and making a final distribution to creditors.

12. Any objections to this sale must be made in writing, and shall be filed with the Bankruptcy Court with a copy served upon counsel for the Trustee at the address set forth below.  Any objections must be filed and served no later than three (3) business days prior to the date of the hearing on this Motion.

13. The Trustee further requests that this Motion be noticed out to the Buyers' List for review, consideration and possible bid.

14. The Trustee will solicit and accept additional bids for the Purchased Property at the hearing on this Motion. Any additional bids must be cash bids, on these terms, with the first successive bid to be in the amount of at least $10,500.00, and bid increments to be set in the discretion of the Trustee. No other offer on any other terms will be considered. Any successful bidder, other than the Purchaser, must provide a deposit of $5,000 to the Trustee within one (1) day of the entry of an order approving the sale to such bidder, which deposit will be forfeited if the successful bidder fails to timely close the sale. The Trustee shall have the discretion to determine what constitutes the highest and best offer for the Purchased Property. The Trustee may accept one or more backup bids for the Purchased Property if the successful bidder fails to timely close the transaction.

WHEREFORE, the Trustee, Jeff A. Moyer, requests the Court to grant the following relief:

A. Enter an order in the form attached authorizing Trustee to sell the Purchased Property as outlined above, and

B. Grant such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**ANDREW J. GERDES, PLC**
**Attorneys for Trustee**

Dated: May 4, 2015            By: /s/ Andrew J. Gerdes
                                   Andrew J. Gerdes (P47593)
                                   321 W. Lake Lansing Rd.
                                   P.O. Box 4190
                                   East Lansing, MI 48826-4190
                                   (517) 853-1300
                                   agerdes@gerdesplc.com